**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| JUSTIN WOOD, | * |
| | * |
| *Plaintiff* | * |
| | * |
| v. | *   Civil Action No. 1:25-cv-00304-SE |
| | * |
| TRUSTEES OF DARTMOUTH COLLEGE | * |
| and | * |
| PORSCHA DOBSON HARNDEN, | * |
| | * |
| *Defendants* | * |
| | * |

**TRUSTEES OF DARTMOUTH COLLEGE'S**
**REPLY TO THE PLAINTIFF'S OBJECTION TO THE DEFENDANT'S MOTION TO**
**DISMISS THE AMENDED COMPLAINT**

Trustees of Dartmouth College (the "defendant" or "Dartmouth") hereby provides this reply to address two points raised in the plaintiff's objection to the motion to dismiss, Doc. 23. *See L.R.* 7.1(e)(1).

> **I.     As a matter of law, Dartmouth cannot be liable for the republication of a statement that its employee was absolutely privileged to make to her spouse.**

The plaintiff argues, based upon a single Texas Supreme Court case, that Dartmouth is liable for an absolutely privileged communication by its employee to her spouse, who is alleged to have then republished the privileged statement. *See* Doc. 23 at 7-8. Logic and law both dictate that this argument should be rejected. As Dartmouth's motion to dismiss pointed out, *see* Doc. 22-1 at 9-11, any initial publication by Ms. Harnden to her husband was absolutely privileged. *See* Restatement (2d) of Torts § 592. Communications "between spouses are so completely protected that *under no circumstances* can they be made the basis of an action for defamation. This is true although the matter communicated is known to be false and the purpose of the

1

communication is altogether improper." *Id.* at cmt. a (emphasis added). The plaintiff's argument runs square into this important legal principle.[1]

Moreover, the sole Texas state court decision that the plaintiff relies on does not decide the issue presented, at all. *Roe v. Patterson* was a case concerning the scope of liability by the original publisher of a defamatory statement for the republication of that statement, but nobody in *Roe* held an absolute privilege to make the statement in question, which involved accusing a student of lying about a report of sexual assault. *Roe v. Patterson*, 707 S.W.3d 94, 97 (Tx. 2025). The Texas Supreme Court did not discuss or analyze the issue presented here, about the potential liability for republication of an absolutely privileged statement. Rather, it simply confirmed the unremarkable proposition that "a person who supplies defamatory material to another for publication can be liable for defamation." *Roe v. Patterson*, 707 S.W.3d 94, 98-99 (Tex. 2025).

In the only case undersigned could locate that *does* address the issue presented, the result was precisely the result that Dartmouth advocates here. A New York state trial court dismissed defamation claims against a defendant who allegedly made defamatory statements to his spouse, while refusing to dismiss defamation claims against the spouse who published the claims to third parties. *See Dennis v. Napoli*, 2015 N.Y. Misc. LEXIS 3020, *19-20 (N.Y. Sup. Ct. 2015). The

---

[1] Although the New Hampshire Supreme Court has not adopted this Restatement section, other courts routinely rely on it, and Dartmouth could not locate any court that has rejected it. *See Esmark Apparel v. James*, 10 F.3d 1156, 1162, n.2 (5th Cir. 1994); *Landsberg v. Me. Coast Reg'l Health Facilities*, 2009 U.S. Dist. LEXIS 37390, *30 (D. Me. 2009) (recommendations rejected in part on other grounds in *Landsberg v. Me. Coast Reg'l Health Facilities*, 640 F. Supp. 2d 108, 109 (D. Me. 2009)); *Medcalf v. Walsh*, 938 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013); *Odell v. Somerville*, 2019 U.S. Dist. LEXIS 196674, *5 (D. Vt. 2019); *Laver v. Peal*, 2021 U.S. Dist. LEXIS 155776, *8 (C.D. Ill. 2021); *Laun v. Union Elec. Co.*, 350 Mo. 572, 578 (Mo. 1942); *Leitner v. Vinson*, 1979 Ohio App. LEXIS 9759 at *6 (Ohio Ct. App., 9th Dist. 1979); *Williams v. Boyle*, 72 P.3d 392, 400 (Colo. Ct. App. 2003); *Fillmore v. Maricopa Water Processing Sys.*, 2005 Ariz. App. Unpub. LEXIS 4, *27 (Ariz. Ct. App. 2005) (unpublished); *Gaccione v Scarpinato*, 137 A.D.3d 857, 859 (N.Y. App. Div. 2016).

*Dennis* court rejected the plaintiff's argument that a spouse could be liable for the other spouse's republication of defamatory statements, reasoning that there simply was not any defamatory publication when the first spouse made the statements in question to his wife. *Id*. at *19.[2] "Indeed, that a spouse may repeat the statement to a third party does not, as a matter of law, create a cause of action for defamation against the original speaking spouse." *Id*. at *20.

The absolute privilege that protected any alleged statements that Ms. Harnden made to her spouse means that Ms. Harnden cannot be liable for defamation for communicating matters to her spouse, regardless of whether they were allegedly repeated by her spouse to third parties. There is no allegation in the amended complaint that Ms. Harnden's spouse is, or was, an agent of Dartmouth; accordingly, Dartmouth cannot be held liable for the comments that Ms. Harnden's spouse is alleged to have made to the "Letsrun.com" blog editor.

## II.    Footnote 75 of the non-precedential *Lieber* decision does not save the plaintiff's Whistleblower Protection Act claim.

The only retaliatory acts on which the plaintiff's RSA 275-E claim is based occurred after the plaintiff voluntarily resigned from Dartmouth. *See* Doc. 21 at, *e.g.*, ¶¶ 75-76. Because he alleges that he engaged in conduct protected by that statute while he was still employed, he argues that his RSA 275-E claim survives based on remarks by the Court in *Lieber v. Marquis Mgmt., LLC*, 691 F. Supp. 3d 334 (D.N.H. 2023). Even if *Lieber* stands for the proposition that the plaintiff advances, however, that case is not precedential, and the ruling would contradict the statute's plain language and the New Hampshire Supreme Court's more restrictive reading. In

---

[2] The plaintiff also suggests that the spousal privilege was waived. *See* Doc. 23 at 7. The evidentiary question about when a spousal privilege can be waived has no bearing upon the legal question concerning an absolute privilege against defamation liability, however. *See Dennis*, 2015 N.Y. Misc. LEXIS 3020 at *19-20.

other words, if *Lieber* stands for the proposition that post-employment conduct is proscribed by the Whistleblower Protection Act, then *Lieber* was wrongly decided and should not be followed.

The *Lieber* court dismissed claims that involved post-employment protected conduct, but it permitted the plaintiff to pursue Whistleblower Protection Act claims arising from the defendant's refusal to provide him with an employment reference after his separation. *Id.* at 358, n.75. The defendant in *Lieber* did not, apparently, challenge the plaintiff's argument about whether the Whistleblower Protection Act proscribed post-employment retaliation, and the *Lieber* court was careful to note that its ruling was limited to the case before it, and the specific facts at issue under that circumstance. *Id.* If a broader ruling was intended, as the plaintiff asserts, it was not based upon the plain language of RSA 275-E or on the New Hampshire Supreme Court's interpretation of that statute. "Under New Hampshire principles of statutory interpretation, a court first looks to the language of the statute itself, and, if possible, construes that language according to its plain and ordinary meaning." *Reed v. City of Portsmouth*, 2013 U.S. Dist. LEXIS 48959, *4 (D.N.H. 2013) (quotation and brackets omitted). Any purpose or legislative intent is derived "from the statute as written" and the court "will not consider what the legislature might have said or add language that the legislature did not see fit to include." *Vanz, LLC v. PMD Fin. Grp., LLC*, 2019 U.S. Dist. LEXIS 52531, *14 (D.N.H. 2019) (quotations omitted).

The plain language of RSA 275-E:2, and the purposes set forth therein, only protect employees who are retaliated against by their current employers. The very first portion of RSA 275-E:2, I expressly provides that "[n]o *employer* shall harass, abuse, intimidate, discharge, threaten, or otherwise discriminate against any *employee* regarding *compensation, terms, conditions, location, or privileges of employment*." (Emphases added). The statute says nothing

4

about protecting former employees who suffer retaliatory acts after leaving their employment. The New Hampshire Supreme Court has emphasized that the statute only protects current employees:

> RSA 275-E:2, I(a) clearly protects only an 'employee' from prohibited actions of an employer. . . . The statute does not refer to a former employee who 'has reported' a violation. . . . *We also find nothing in RSA 275-E:1 to indicate that the term 'employee' was intended to include a past or future employee*. Accordingly, we conclude that the plain meaning of the term 'employee' as used in the Act encompasses only persons currently employed by the employer . . . We acknowledge that in reviewing whistleblower claims, we will resolve questions of law in a way that best effectuates the manifest purposes of the act, namely, to encourage employees to come forward and report violations without fear of losing their jobs and to ensure that as many alleged violations as possible are resolved informally within the workplace. . . . As so expressed, these purposes clearly apply only to current employees, who alone would be in a position to fear losing their jobs.

*Appeal of Northeast Rehab. Hosp*., 149 N.H. 83, 85-86 (2003) (quotations omitted) (emphasis added).[3]

Notwithstanding footnote 75 in *Lieber*, both the New Hampshire General Court and its Supreme Court have made it abundantly clear that the protections of the Whistleblower Protection Act are extended only to an employer's current employees. Any broad reading of the footnote in *Lieber*, would lead to an incorrect result—especially given the limited role a federal court sitting in diversity should exercise when it comes to interpreting the law of the state in

---

[3] Although Title VII of the Civil Rights Act has been interpreted to protect former employees and even associates of employees from retaliation, *see Thompson v. N. American Stainless, LP*, 562 U.S. 170, 174 (2011), Title VII is a materially different statute, which specifically prohibits "discriminat[ion] against *any individual*…because he has opposed any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. 2000e-3(a) (emphasis added). As the New Hampshire Supreme Court has noted, the General Court could easily have codified protections for former employees in RSA 275-E, but it did not do so. *Appeal of Northeast Rehab. Hosp.* 149 N.H. at 85-86. If the New Hampshire General Court wanted to extend the Whistleblower Protection Act's protections to former employees, it would have used language akin to what the House and Senate used in Title VII.

which it sits. *See Noonan v. Staples, Inc.*, 556 F.3d 20, 27-28 (1st Cir. 2009). It would be error to read *Lieber* in the way the plaintiff encourages the Court to read it, given the wording and structure of RSA 275-E.

In addition to the plain language of the statute, its remedial structure reinforces the notion that it only applies to *current* employees. For example, employees who wish to pursue a hearing at the Department of Labor must demonstrate that they have "made a reasonable effort to maintain or restore *such employee's* rights through any grievance procedure or similar process available at *such employee's place of employment*[.]" RSA 275-E:4, I (emphasis added). At the Department of Labor, an employee can obtain "reinstatement…the payment of back pay, fringe benefits and seniority rights, any appropriate injunctive relief, or any combination of these remedies." *Id.* In court, only reinstatement and backpay are authorized (though a prevailing party is entitled to recover reasonable attorneys' fees and costs).[4] RSA 275-E:4, II; *see Clark v. N.H. Dep't of Employment Security*, 171 N.H. 639, 657-59 (2019). While the New Hampshire Supreme Court has held that a court can exercise its inherent authority to enjoin ongoing harassment, abuse and intimidation, it expressly declined to hold that this relief was available under the statute. *Id.* In short, the only relief authorized by the Whistleblower Protection Act is relief that can be granted to current employees who are experiencing harassment, intimidation or abuse in the workplace, or employees who have been terminated in violation of the statute. There is no remedy contemplated by the statute for employees who allege that they experienced retaliation after the end of their employment; this reinforces what the statute and New Hampshire

---

[4] The New Hampshire Supreme Court has also blessed the Superior Court's use of injunctive relief to enjoin ongoing harassment, abuse and intimidation in the workplace in a whistleblower case—but it expressly declined to do so pursuant to RSA 275-E, which it correctly noted does not authorize such relief. *Clark*, 171 N.H. at 657-59. Accordingly, the plaintiff's demand for injunctive relief under the statute, Doc. 21 at 14, is a non-sequitur.

Supreme Court have plainly stated: "RSA 275-E:2, I(a) clearly protects only an 'employee' from prohibited actions of an employer." *Appeal of Northeast Rehab. Hosp.*, 149 N.H. at 85.

If the Court harbors any concern about whether RSA 275-E proscribes post-employment conduct, Dartmouth respectfully requests that this question be certified to the New Hampshire Supreme Court. Accepting the plaintiff's position would represent a significant expansion of liability, and there is obvious tension between the statute's plain language and structure, and the result that the plaintiff urges. It would therefore be appropriate to defer to the New Hampshire Supreme Court before permitting the plaintiff to seek relief under his broad interpretation of the Whistleblower Protection Act.

Respectfully submitted,

TRUSTEES OF DARTMOUTH COLLEGE

By its attorneys,

DEVINE, MILLIMET & BRANCH, P.A.

Dated: January 21, 2026

/s/ *Pierre A. Chabot*
Pierre A. Chabot, Esq., No. 17606
Stephen Zaharias, Esq., No. 265814
111 Amherst Street
Manchester, NH 03101
603-695-8780
pchabot@devinemillimet.com
szaharias@devinemillimet.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, the foregoing pleading was filed in the Court's electronic filing system and, thus, electronically served upon all counsel of record, including plaintiff's counsel, through the ECF system.

Date: January 21, 2026

/s/ *Pierre A. Chabot*
Pierre A. Chabot, Esq.

7